IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL BOSLEY                                                    PLAINTIFF

v.                          CIVIL NO. 5:17-CV-5169

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                    DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Michael Bosley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for SSI on September 13, 2012, alleging an inability to work since December 31, 2005, due to arthritis, asthma, carpal tunnel syndrome, nerve damage, joint pain, high blood pressure, and high cholesterol. (Tr. 83, 100). An administrative hearing was held on September 27, 2013, at which Plaintiff and a vocational expert testified. (Tr. 43-64). The ALJ issued a written opinion dated March 6, 2014, where he

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

found that the Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 130). Plaintiff subsequently appealed the decision to the Appeals Council, who remanded the case back to the ALJ on August 12, 2015. (Tr. 136-141). A second administrative hearing was held on November 5, 2015, and Plaintiff and a Vocational expert testified. (Tr. 65-81).

By written decision dated March 16, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of affective disorder, borderline intellectual functioning, substance abuse disorder, personality disorder, carpal tunnel syndrome, and back pain. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except for the following:

> [Claimant] cannot perform rapid, repetitive wrist actin on a bilateral basis. The claimant is limited to work where interpersonal contact is incidental to the work performed; where the tasks are learned by rote, with few variables, and little judgment. Moreover, the supervision required should be simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert (VE), the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 22). However, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as an office helper, a content inspector/content checker, and a bottle line attendant. (Tr. 23). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from September 13, 2012, through the date of the decision. (Tr. 24).

Subsequently, Plaintiff requested a review of the hearing decision by the Appeals Council, and that request was denied on June 30, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v.

Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 27th day of March, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE